# Exhibit "1"



**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning**: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

September 03, 2020

Dear Customer,

The following is the proof-of-delivery for tracking number: 770191200373

**Delivery Information:**

| | | | |
|---|---|---|---|
| Status: | Delivered | Delivered To: | |
| Signed for by: | H.HENNESSY | Delivery Location: | |
| Service type: | FedEx Priority Overnight | | NEW YORK, NY, |
| Special Handling: | Deliver Weekday | Delivery date: | Apr 8, 2020 10:11 |

**Shipping Information:**

| | | | |
|---|---|---|---|
| Tracking number: | 770191200373 | Ship Date: | Apr 7, 2020 |
| | | Weight: | |

Recipient:                                              Shipper:
NEW YORK, NY, US,                                       GREAT NECK, NY, US,

Reference                ABBEY

Signature image is available. In order to view image and detailed information, the shipper or payor account number of the shipment must be provided.

Thank you for choosing FedEx

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| TIMOTHY ABBEY, et.al., ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 19CV7116 (FB)(SJB) |
| RUNWAY TOWING CORP, CYNTHIA PRITSINEVELOS and CHRIS PRITSINEVELOS ) ) | |
| *Defendant* ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   New York City Police Department

*(Name of person to whom this subpoena is directed)*

☑ **Production:** **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: Documents pursuant to Exhibit "A" annexed hereto.

| Place: Rosen Law LLC<br>216 Lakeville Road,<br>Great Neck, New York 11020 | Date and Time:<br>04/24/2020 9:30 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   03/12/2020

*CLERK OF COURT*

_____     OR     *[signature]*
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* **Plaintiffs** _____, who issues or requests this subpoena, are:

Gary Rosen, Esq., Rosen Law LLC, 216 Lakeville Road, Great Neck, New York 11020

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case 1:19-cv-07116-FB-SJB   Document 40-2   Filed 09/03/20   Page 5 of 14 PageID #: 408

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT "A"

### Definitions

The definitions used below shall each be the same definition using lower case and upper case words.

1. "All" and "each" shall be construed as all and each.

2. "And/or" or "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this subpoena.

3. "Communication(s)" means oral, written, audio/digitally recorded, voice recorded, or electronic transmission of information, including meetings, discussions, conversations, telephone calls, electronic mail messages, memoranda, letters, analyst reports, telecopies, facsimiles, conferences, messages, notes, videotapes, photographs, microfilm, microfiche, magnetic disks, digital/audio recordings, voicemail recordings, or other media of any kind disclosure, exchange of information, statement or discussion of information or data between or among two or more persons, including without limitation face-to-face and telephone conversations, correspondence, memoranda, presentations, telegrams, email messages, voice-mail messages, text messages, chatroom messages, i-messages, electronic messages (including on WhatsApp, Viber or other encrypted messaging services), social media posts (including on Facebook, Twitter, Instagram or similar services), notes, meetings, discussions, releases, statements, reports, publications, letters, facsimile communications, or any recordings or reproductions thereof.

4. "Concerning" means relating to, referring to, describing, evidencing or constituting.

5. "Document(s)" means each and every form of communication and includes, without limitation, all written, printed, typed, recorded, audio/digitally recorded, voice recorded, any materials maintained electronically (including, but not limited to electronic mail, word documents, Portable Document Format (PDF) files, Joint Photographic Experts Group (JPEG) files, Tagged Image File Format (TIF) files, or Graphic Interchange Format (GIF) files) or graphic matter of any kind, type, nature, or description, in whatever form (e.g., final and draft versions) that is or has been in your actual or constructive possession, custody, or control, including, but not limited to, all printed and electronic copies of electronic mail, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, contracts, agreements, reports, surveys, computer printouts, data compilations of any kind, teletypes, facsimiles, invoices, order forms, checks, drafts, statements, credit memos, reports, summaries, books, ledgers, notebooks, schedules transparencies, recordings, audio/digital recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, digital/audio recordings, voicemail recordings, brochures, pamphlets, or any written or recorded materials of any kind, however stored (whether in tangible or electronic form), recorded, produced, or reproduced, including backup tapes. The

term "document" includes not only originals, but also any copies or reproductions of all such written, printed, typed, recorded or graphic matter upon which any notations, comments, or markings of any kind have been made that do not appear on the original documents or that are otherwise not identical to the original documents. Any document with marks such as initials, comments or notations of any kind is not identical to one without such marks and is to be produced as a separate document. Document and Documents shall include any document that is or was stored in any text messaging account, Apple iCloud account, DroxBox account, Asana account, email account, messaging account, cloud storage or similar account, service or location under the control of You.

      6.      "**NYPD**" means the "**New York City Police Department**".

      7.      "Person" or "Persons" refers to natural persons, corporations, limited liability companies, partnerships, trusts, joint ventures, groups, associations, organizations, proprietorships, governmental agencies, and all other entities.

      8.      "Relate to" and "relating to" means and includes any information concerning, comprising, identifying, summarizing, evidencing, containing, discussing, mentioning, describing, reflecting, comparing, analyzing, memorializing or pertaining in any way to the subject matter of the subpoena request in which such term is used.

      9.      "Representative" means and shall include each and every present and former employee, agent or other person acting or purporting to act on behalf of **the New York City Police Department** or any predecessor, successor, subsidiary, affiliates, agent, division or department thereof.

      10.      "You" or "Your" refers to **the New York City Police Department** or any predecessor, successor, subsidiary, affiliates, agent, division or department thereof.

## ITEMS TO BE PRODUCED

      1.      All Documents prepared by or maintained by the NYPD indicating any violations of the New York City Administrative Code by Runway Towing Corp. for the period January 1, 2017 to the present date;

      2.      All documents prepared by or maintained by the NYPD indicating any violations of the Rules of the City of New York by Runway Towing Corp. for the period January 1, 2017 to the present date;

      3.      All documents prepared by or maintained by the NYPD related to or indicating the suspension of the tow truck company license, DCA License Number 1196757-DCA for Runway Towing Corp. which was suspended on or about October 30, 2018;

      4.      All documents prepared by or maintained by the NYPD related to or indicating the reinstatement of the tow truck company license, DCA License Number 1196757-DCA for Runway Towing Corp. which was reinstated on or about November 16, 2018;

5. All documents prepared by or maintained by the NYPD related to or indicating the surrender of the tow truck company license, DCA License Number 2047520-DCA for Runway Towing Corp. which was surrendered on or about April 30, 2018;

6. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of New York City Administrative Code §20-504(a) by Runway Towing Corp. for the period January 1, 2017 to the present date;

7. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of New York City Administrative Code §20-504.1(b) by Runway Towing Corp. for the period January 1, 2017 to the present date;

8. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of New York City Administrative Code §20-509.1 by Runway Towing Corp. for the period January 1, 2017 to the present date;

9. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of New York City Administrative Code §20-518 by Runway Towing Corp. for the period January 1, 2017 to the present date;

10. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of New York City Administrative Code §20-519 by Runway Towing Corp. for the period January 1, 2017 to the present date;

11. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of 6 RCNY §2-368(f)(1) by Runway Towing Corp. for the period January 1, 2017 to the present date;

12. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of 6 RCNY §2-368(f)(2) by Runway Towing Corp. for the period January 1, 2017 to the present date;

13. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of 6 RCNY §2-372(t)(2) by Runway Towing Corp. for the period January 1, 2017 to the present date;

14. All documents prepared by or maintained by the NYPD alleging or charging Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos for violations of 6 RCNY §2-372(t)(2) by Runway Towing Corp. for the period January 1, 2017 to the present date;

15. All documents obtained from Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos by the NYPD evidencing charges for "yard fees" for the period January 1, 2017 to the present date;

16. All documents obtained from Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos by the NYPD evidencing charges for "Clean up fees" for the period January 1, 2017 to the present date;

17. All documents obtained from Runway Towing Corp., Chris Pritsinevelos and/or Cynthia Pritsinevelos by the NYPD evidencing charges for "admin fees" or "administration fees" for the period January 1, 2017 to the present date;

18. All subpoenas served by the NYPD upon Runway Towing Corp. from January 1, 2017 to the present date;

19. All subpoenas served by the NYPD upon Cynthia Pritsinevelos from January 1, 2017 to the present date;

20. All subpoenas served by the NYPD upon Chris Pritsinevelos from January 1, 2017 to the present date;

21. All Liquidated Damages form 6, also known as "LD-6" forms issued by the NYPD to Runway Towing Corp. from January 1, 2017 to the present date;

22. All report of violations forms issued by the NYPD to Runway Towing Corp. from January 1, 2017 to the present date;

23. All notice of hearings which were sent by the NYPD to Runway Towing Corp. from January 1, 2017 to the present date;

24. All notice of hearings which were sent by the NYPD to Chris Pritsinevelos from January 1, 2017 to the present date;

25. All notice of hearings which were sent by the NYPD to Cynthia Pritsinevelos from January 1, 2017 to the present date;

26. All notice of hearings which were sent by the NYPD to any holders of tow truck company licenses from January 1, 2017 to the present date;

27. All decisions issued by the New York City Office of Administrative Trials and Hearings ("OATH") received by or maintained by the NYPD concerning any towing company, tow truck company, tow truck company licensee, and tow truck driver licenses, for the period from January 1, 2017 to the present date;

28. All correspondence from any person at the NYPD to the Office of the Mayor, including but not limited to the Mayor of the City of New York and any Deputy Mayors of the

City of New York concerning and/or related to any towing company or the towing industry in the City of New York from January 1, 2017 to the present date;

29.  All correspondence received by any person at the NYPD from the Office of the Mayor, including but not limited to the Mayor of the City of New York and any Deputy Mayors of the City of New York concerning and/or related to any towing company or the towing industry in the City of New York from January 1, 2017 to the present date;

30.  All correspondence, including letters, emails, facsimiles received by the NYPD between January 1, 2017 and the present date from the Office of the Mayor of the City of New York or his staff, regarding, related to or concerning Runway Towing Corp.;

31.  All correspondence from any person at the NYC Department of Consumer and Worker Protection to the New York City Police Department, including but not limited to the Police Commissioner, any Deputy and/or Assistant Police Commissioners, and any departments within the New York City Police Department concerning and/or related to any towing company or the towing industry in the City of New York from January 1, 2017 to the present date;

32.  All correspondence, including any complaints, received by the NYPD, from any person concerning and/or related to Runway Towing Corp. from January 1, 2017 to the present date;

33.  All consumer and business complaints filed against Runway Towing Corp. filed and/or received by the NYPD from January 1, 2017 to the present date;

34.  All consumer and business complaints filed against Cynthia Pritsinevelos filed and/or received by the NYPD from January 1, 2017 to the present date;

35.  All consumer and business complaints file against Chris Pritsinevelos filed and/or received by the NYPD from January 1, 2017 to the present date;

36.  All rules and regulations of the NYPD concerning the charging of credit card fees and/or convenience fees for towing services under the New York City Arterial Towing Program for the period from January 1, 2017 to the present date;

37.  All rules and regulations of the NYPD concerning the charging of credit card fees and/or convenience fees for towing services under the New York City Directed Accident Towing Program ("DARP") for the period from January 1, 2017 to the present date;

38.  All rules and regulations of the NYPD concerning the charging of credit card fees and/or convenience fees for towing services under the New York City Rotation Tow Program ("ROTOW") for the period from January 1, 2017 to the present date;

39.  All records of inspections of the books and records of Runway Towing Corp. by the NYPD for the period January 1, 2017 to the present date;

40. Copies of all log books of Runway Towing Corp. obtained by, inspected by or maintained by the NYPD for the period January 1, 2017 to the present date;

41. Copies of all authorization to tow forms for tows performed by Runway Towing Corp. that were received by or possessed by the NYPD for the period January 1, 2017 to the present date;

42. All records of the NYPD indicating the names, addresses and license numbers of each tow truck driver employed by Runway Towing Corp. from January 1, 2017 to the present date as required by Section 2-363(n) of Title 6 of the Rules of the City of New York;

43. Copies of all electronic records that were provided by Runway Towing Corp. to the NYPD between January 1, 2017 and the present date;

44. All violations and notices of hearing issued by the NYPD to Runway Towing Corp. for the period January 1, 2017 to the present date;

45. All correspondence, including letters, emails, facsimiles received by the NYPD between January 1, 2017 and the present date from any New York City Councilmember or his or her staff, regarding, related to or concerning Runway Towing Corp.;

46. Documents which show all tow truck company contracts of any kind which were revoked or not renewed by the NYPD from January 1, 2017 to the present date;

47. Documents which show all tow truck company licenses which were suspended by the NYPD or the NYC Department of Consumer and Worker Protection from January 1, 2017 to the present date;

48. All subpoenas issued from January 1, 2017 to the present date by the NYPD to the holders of tow truck company licenses (who held licenses at anytime from January 1, 2017 to the present date);

49. All emails sent by any person from the domain name of **@nypd.org** to dp7744@aol.com from January 1, 2017 to the present date.

50. All emails received by any email address at the NYPD, including but not limited to any email address including "**@nypd.org**" from the email address dp7744@aol.com from January 1, 2017 to the present date.

51. All emails sent by any person from the domain name using **@nypd.org** to dp7744@aol.com from January 1, 2017 to the present date.

52. All emails received by any email address at the NYPD from the email address autorama@optonline.net from January 1, 2017 to the present date.

53. All emails sent by any person from the domain name of **@nypd.org** to autorama@optonline.net from January 1, 2017 to the present date.

54. All emails received by any email address at the NYPD from the email address autorama@optonline.net from January 1, 2017 to the present date.

55. All emails sent by any person from the domain name using **@nypd.org** to autorama@optonline.net from January 1, 2017 to the present date.

56. All emails received by any email address at the NYPD from the email address universetowing@yahoo.com from January 1, 2017 to the present date.

57. All emails sent by any person from the domain name of **@nypd.org** to universetowing@yahoo.com from January 1, 2017 to the present date.

58. All emails received by any email address at the NYPD from the email address universetowing@yahoo.com from January 1, 2017 to the present date.

59. All emails sent by any person from the domain name using **@nypd.org** to universetowing@yahoo.com from January 1, 2017 to the present date.

60. All emails received by any person at the NYPD from the email address nyjg@aol.com and sent by any person from the domain name of **@nypd.org** to nyjg@aol.com from January 1, 2017 to the present date.

61. All emails received by any person at the NYPD from the email address nyjg@aol.com from January 1, 2017 to the present date.

62. All emails sent by any person from the domain name of **@nypd.org** to nyjg@aol.com from January 1, 2017 to the present date.

63. All correspondence, including letters, emails, facsimiles sent by any person at the NYC Department of Consumer and Worker Protection to the NYPD, including but not limited to the Police Commissioner, any Deputy and/or Assistant Police Commissioners, and any departments within the NYPD concerning and/or related to any towing company or the towing industry in the City of New York from January 1, 2017 to the present date;

64. All correspondence, including letters, emails, facsimiles sent by any person at the NYC Department of Consumer and Worker Protection from the any person at the NYPD concerning the New York City Arterial Towing Program, Runway Towing Corp., Knights Collision Experts Inc., Autorama Enterprises Inc., Autorama Enterprises of Bronx Inc., and Universe Auto Body Center Inc. from January 1, 2017 to the present date.

65. All correspondence, including letters, emails, facsimiles sent by any person at the NYC Department of Consumer and Worker Protection to any person at the NYPD concerning the New York City Arterial Towing Program, Runway Towing Corp., Knights Collision Experts

Inc., Autorama Enterprises Inc., Autorama Enterprises of Bronx Inc., and Universe Auto Body Center Inc. from January 1, 2017 to the present date.

66. All correspondence, including letters, emails, facsimiles received by any person at the NYPD from the email address danalgottlieb@aol.com from January 1, 2017 to the present date.

67. All emails sent by any person from the domain name of **@nypd.org** to danalgottlieb@aol.com from January 1, 2017 to the present date.

68. All correspondence, including letters, emails, facsimiles received by any person at the NYPD from Joseph Robles from January 1, 2017 to the present date.

69. All emails sent by any person from the domain name of **@nypd.org** to Joseph Robles from January 1, 2017 to the present date.

70. All correspondence, including letters, emails, facsimiles received by any person at the NYPD from Knights Collision Experts Inc. from January 1, 2017 to the present date.

71. All correspondence, including letters, emails, facsimiles sent by any person at the NYPD to Knights Collision Experts Inc. from January 1, 2017 to the present date.

72. All emails sent by any person from the domain name of **@nypd.org** to Knights Collision Experts Inc. from January 1, 2017 to the present date.

73. All correspondence, including letters, emails, facsimiles received by any person at the NYPD from Breen Bros. Towing Inc. from January 1, 2017 to the present date.

74. All correspondence, including letters, emails, facsimiles sent by any person at the NYPD to Breen Bros. Towing Inc. from January 1, 2017 to the present date.

75. All emails sent by any person from the domain name of **@nypd.org** to Breen Bros. Towing Inc. from January 1, 2017 to the present date.

76. All correspondence, including letters, emails, facsimiles received by any person at the NYPD from Autorama Enterprises Inc. and/or Autorama Enterprises of Bronx Inc. from January 1, 2017 to the present date.

77. All correspondence, including letters, emails, facsimiles sent by any person at the NYPD to Autorama Enterprises Inc. and/or Autorama Enterprises of Bronx Inc. from January 1, 2017 to the present date.

78. All emails sent by any person from the domain name of **@nypd.org** to Autorama Enterprises Inc. and/or Autorama Enterprises of Bronx Inc. from January 1, 2017 to the present date.

79. All correspondence, including letters, emails, facsimiles received by any person at the NYPD from Universe Auto Body Center Inc. from January 1, 2017 to the present date.

80. All correspondence, including letters, emails, facsimiles sent by any person at the NYPD to Universe Auto Body Center Inc. from January 1, 2017 to the present date.

81. All emails sent by any person from the domain name of **@nypd.org** to Universe Auto Body Center Inc. from January 1, 2017 to the present date.

82. All correspondence, including letters, emails, facsimiles sent to any person at the NYPD from Empire State Towing and Recovery Association from January 1, 2017 to the present date.

83. All correspondence, including letters, emails, facsimiles received by any person at the NYPD from Empire State Towing and Recovery Association from January 1, 2017 to the present date.

84. All emails sent by any person from the domain name of **@nypd.org** to Empire State Towing and Recovery Association from January 1, 2017 to the present date.

85. All correspondence, including letters, emails, facsimiles received by any person at the NYPD from Christopher Lynn, Esq. from January 1, 2017 to the present date.

86. All correspondence, including letters, emails, facsimiles sent by any person at the NYPD to Christopher Lynn, Esq. from January 1, 2017 to the present date.

87. All emails sent by any person from the domain name of **@nypd.org** to Christopher Lynn from January 1, 2017 to the present date.